Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer **RRP** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1231 | **DATE** | February 27, 2012 |
| **CASE TITLE** | Matthew E. Horton (##2011-1224145) vs. Yank Yu Do | | |

**DOCKET ENTRY TEXT**

The court denies Plaintiff's motion for leave to file *in forma pauperis* [3] without prejudice to reconsideration should he renew his motion in compliance with this order. The complaint is dismissed without prejudice. Plaintiff is granted thirty days to: (1) submit an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee and (2) submit an amended complaint (plus a judge's copy and service copies). Plaintiff should also confirm that he has fully exhausted his administrative remedies as set forth below. The Clerk is directed to send Plaintiff submit an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. Failure to fully comply with this order will result in summary dismissal of this case in its entirety on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Matthew E. Horton, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff submitted an *in forma pauperis* application but it is incomplete. Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. Plaintiff's *in forma pauperis* application is not certified by the trust fund officer and does not include the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint.

The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of: (A) the average monthly deposits in the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1). The court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary initial assessment of the filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If Plaintiff wants to proceed he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official(s) provide information regarding Plaintiff's trust fund account(s), including a copy of his trust fund account(s). Plaintiff must also write the case number in the space provided for it.

The court now engages in the prompt review of Plaintiff's complaint that is called for by 28 U.S.C. § 1915. in

# STATEMENT

the Statement of Claim that appears in the court's form complaint, Plaintiff states "Dr. Yo Do Yank 12/24/11 Cook County Jail 2600 S. California" Plaintiff also attaches another page to the form complaint entitled "(Medical Malpractice)." This attachment states that Plaintiff is filing this 'complaint' against Dr. Yank because he denied Plaintiff a bottom bunk permit. Plaintiff alleges that h had surgery on his foot and ankle prior to his detention and when he entered Cook County Jail on December 24, 2011, he "complained of this disability & was denied or misjudged by the M.D. whom cared for my sick needs." Plaintiff also alleges that he is a diabetic. Plaintiff names Dr. Yank as the sole Defendant.

Plaintiff's present complaint fails to state a claim upon which relief can be granted.. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).
To satisfy this requirement the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009)). Plaintiff's minimal allegations are insufficient, as they fail to provide the named Defendant sufficient notice of the claims against him. Other than his admission date into Cook County Jail, Plaintiff provides no other dates as to when he was allegedly denied proper medical care. It is also not clear whether the named Defendant was the individual that has denied Plaintiff the proper medical care.

A claim of medical malpractice does not arise under federal law. In order for Plaintiff to state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have acted under color of state law and violated a constitutional right. *See Waubanascum v. Shawano County*, 416 F.3d 658, 665 (7th Cir. 2005). Mere negligence nor gross negligence are sufficient to give rise to liability under Section 1983. *See Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002). While medical staff must not show deliberated indifference to a detainee's serious medical needs, medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006), *citing Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 592 (7th Cir. 1999).

The court further notes that Plaintiff alleges that he was first admitted into Cook County Jail on December 24, 2011. His attachment to his complaint is dated February 2, 2012, and the complaint form is dated February 16, 2012. Exhaustion of administrative remedies, pursuant to the PLRA, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

Here, Plaintiff filed suit shortly after he first entered Cook County Jail. Based on this short time frame, the court is uncertain that Plaintiff has in fact fully exhausted his administrative remedies. Plaintiffis advised to do so prior to proceeding further.

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff's allegations must include sufficient facts to put the Defendant(s) on notice of the claims against him/her. Plaintiff should also confirm that he has fully complied with 28 U.S.C. § 2401(b). As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original

| **STATEMENT** |
|---|
| complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br>      If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time. |
| |